The opinion of the.Court was delivered by
Tilghman C. J.
The object of this appeal i,s to decide, whether the appellant shall be bound, against his consent, to keep purpart, No. 2. adjudged to him by the Orphans’ Court. It is a question, which has become of very great importance, in consequence of the remarkable fluctuation of the price of lands, within the last twelve years., There is no insinuation of fraud, or improper conduct of.any- kind, in the guardian of the appellant. No doubt, he acted to the best of his judgment, and intended to promote the interest, of his ward. But it has turned out unfortunately; for the price which the land would now bring, would fall far short of the value at which it was accepted. The case depends on our own Acts of As *207 sembly. It is not pretended, that the guardian can derive the power which he has exercised, from any other source. We have a system of our own, regulating the descent of lands, in case of intestacy, and their partition. When it was determined, that the lands of an intestate s'hould descend equally to all the children, it became necessary to devise a- mode for preventing the ruin of estates, by dividing them into too minute parts. It is unnecessary to' trace this system to its origin, and follow it through the different stages of its progress. It will be sufficient for our present purpose, to take it up in the. year 1794, when ,the first law was made which has a bearing on the case before us. And upon considering the laws made in that year, and sincej I think we shall find a plain intent, that the affairs of infants, so far as concerns the partition of the estates of intestates, shall be managed by their guardians, without leaving any thing to their own choice, either during infancy, or afterwards. Ily the Act of 19th 'of April, 1794, 1 Sm. L. 151, (notes,) it wás enacted, that on the petition of the widow or any child of the intestate, if of age, or his or her guardian, or next friend, if under age, the Orphans’ Court may award an inquest to make partition, &c. provided, that where the estate cannot be divided without prejudice, Sc.c. an appraisement shall be made, and. theretapon the Court may order the whole to the eldest son, if he will accept it, or any of the other sons successively, upon the eldest son’s refusal, or if there be no sons, or they shall all refuse, then to the eldest daughter, (and so to all the daughters successively,) “ he, she, or they, Or some friend legally authorisedfor him, her, or them, paying to the other children of the intestate their equal and’proportionable part of the true value of such lands, &c. as upon a just appraisement made a,s aforesaid, or giving good security for the payment thereof, in some reasonable time, not exceeding twelve months, the said Orphans’ Court, shall limit and appoint, and the person or persons, to whom or whose use, payment or satisfaction shall he so piade for their respective parts or shares óf the deceased’s .lands, in manner aforesaid, shall he for ever barred of all right title or demand, of, in, to, or out, of the in-testate’s lands, and tenements aforesaid.” The Act then proceeds to provide for-the case of estates, which in the opinion of the jury, may b'e conveniently divided into more *208 parts than¡ one, but not into as many parts as there are chlK dren. Preference is'to be given to the sons, according to se- ' niority, and then to the daughters, in like manner.. In this Act, it is. not expressly said, that the guardian may accept for his ward, but; yet it is expressly saitl, that a guardian or next friend may petition for an infant; and when it is said, that- payment may be made to the other children, or security, given by some friend legally authorised, it seems as if .the case of an infant had been in view. Indeed, if infants'had been .excluded from accepting by their guardians, the lands which had been appraised by the . inquest, they would have been greatly injured j for we know "very well, that the appraisements' were generally moderate. We are not to judge of a system, by an accidental rise, or depression, of the price of land. - To judge truly, we must consider the effects of a law,, during a period of considerable length. Examine the appraisements of fifty years, and it will be found, that those children who have accepted them, have, on an average, been great gainers. But there are other Acts, in which the intention'of the Legislature is more apparent.* By the Act of 2d April, 1804*, 4 Sm. L. 183, where an estaté, not capable of di», vision, has been, refused by all the heirs of the intestate, (an offer of it at the, appraised value having been made to them in successibn according to the Act of April, 1794*,) the Orphans’ .Court, on the application of any one of the children, may grant a rule on all the others, to shew cause, why the estate should not be sold, and this rule may be served, by delivering a copy of it to the p.erson, if of age, or his guardian, if a minor ; -and in case' cause shall not be. shewn, the Court shall order the estate to be sold. -Here, the entire interest of the wa.rd, is trüsted to the guardian, and if an order of sale be made, it is absolute, and the infant has no time to contest it, after his-coming-to full-age. This Ac,t of Aprils 1804, was defective, in not providing for cases, where the inquest had divided the estate, into several parts, but fewer than the number of children. To remedy this defect, the Act of 7th April, 1807, was made, (4 Sm. L. 400,) by which it was provided, that if any one, or all of the said parts are refused, the Orphans’ Court is authorised to order sale of the parts so refused.. And^ by the 8th section of the same Act, it is further provided, “in order to'give the younger *209 children an opportunity of accepting or refusing, that the Court may grant a rule on any of the children, to come into Court within a certain day, to accept or refuse, and in case, he, she, or they, do not come in, and accept or refuse, the Court shall order the same to be offered to the next children in order.” Now, although the guardian be not named in this clause, he is certainly included ; because, the rule may be granted against-any child, infant, or not; and if an infant, the appearance could be no otherwise than by guardian, and the guardian having appeared,- may accept or refuse, for the infant. I consider this; as a positive power to accept, where a rule has been laid on an infant. And if so, the guardian has the same power, when he appears without a rule, as was done in the present instance. For when the inquest has made the division and valuation of the estate, there Can be no reason, why the parties should not come into Court at once, in person, if of full age, or by guardian, if infants, and do that voluntarily, which they may be compelled to do by rule." The Act of April,' 1807, shews'the opinion of the Legislature, that an opportunity of accepting or refusing, was considered as an advantage which ought to be extended to the younger children. And, certainly it is an advantage. A prudent guardian would secure for his ward, an estate which was offered at a- moderate, price, and would take care, how he involved either his ward, or himself, in difficulty, by purchasing at an extravagant price. There is another Act, by which the Legislature has expressly authorised the guardian to act for his ward. 1 his is the Act of 26th March, 1808, 4 Sm. L. 519, which provides, that if all the children of the intestate shall appear in Court personally, or by guardian, or attorney in fact, duly consdtuted, and refuse to accept the estate, or any. part thereof, if divided, at the valuation, and unanimously desire the same, or any part thereof to be sold, the Court may order a sale, without granting a rule to shew cause, &c. Light may be thrown on the intent of the Acts of Assembly, I have mentioned, by adverting to the expressions of another Act, in which, it was thought proper, in certain cases, to exclude all minors from the choice • of acceptance or refusal; for there, we shall see, that the exclusion is so plain, as to leave no manner of doubt. By the Act of 4th April, 1797, sect. 8, 3 Sm. L. 298, “Like pr.o *210 ceedings may be had, where the intestate leaves no children? or their legal representatives, both in making partition, or where the estate cannot be divided, without prejudicing or spoiling the whole, by directing an appraisement, and ordering the whole to the eldest brother, or his issue, if any such issue shall be of full age, if he, or she shall accept it, or to any other of the brothers, or their issue successively, if of any such issue shall then be of full age, &c. &e. and so on to the sisters successively, or their issue, if any of such issue shall be then of full age, &c.” What was the reason for this difference, when the es'tate was to be divided between the children, and when between the brothers and sisters of the intestate, I am not well informed. But, that there is a difference, as plain as words can make, is evident.
The result of my reflections on these Acts of Assembly, considered as all forming one system, is, that partition of an intestate’s real estate was to be made, as soon as any of the children should desire it, and that infants were to be bound by the acts of their guardians. And there is no doubt that such has been the practice of the Courts and the general understanding of the bar. I have heard of no instance, in which an infant, after arrival at full age, has been permitted to reject what his guardian had accepted for him. If it has sometimes happened, that infants have been injured, it does not prove the system to be bad on the whole; for, by these rules which operate for the general good, it often happens, that partial'evil is inflicted. It cannot be said, that the interest of infants has been neglected. To have excluded them from a choice by guardian, would, in general, have been an injury, because they would have been prevented from retaining the land of their parents, at a moderate valuation. And, to protect them from injury, there have been two strong guards ; the oath of the jury who made the appraisement, and the interest of the guardian, who could not accept, for his ward, without involving himself in the responsibility of’ paying the shares of the other children. To have made it a rule, that the infants should be permitted to reject what their guardians had chosen, after they came to full- age, would have given them an undue advantage over the other children, and have been attended with excessive inconvenience, by keeping the partition open for a great length of time. This *211 Is not permitted in partitions at common law, w.here infants are parties. 'When the Court has given final judgment, the partition is irrevocable. And in these partitions too, a sum, of money may be awarded to be paid by one party, in,order to equalise the partition. It is so provided, by the Act of 7th April, 1807, (4 Sm. L. 398.) The truth is, that no inconvenience was experienced, until some unfortunate circumstances occasioned an unnatural rise of real estate a few years ago, since which it has fallen even below its proper level. Guardians who accepted lands for their wards, during the period'of delusion, have brought great trouble, both on themselves and their wards. It is to be hoped however, that, as what is lost by one child, will he gained by the others, a spirit of brotherly love, will in most cases, correct the rigour of the law ; but that must be left to themselves. It is the duty of this Court, (often a hard one,) to suppress those feelings, which might cause the balance of justice to tremble in its hands. We can perceive that the law falls with severity, in the present case, both on the guardian and the ward. But we are clear in opinion, that the decree of the Orphans’ Court should be affirmed.